**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tina Salata, | No. CV-24-01671-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa Unified School District, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Leave to Submit Additional Evidence (Doc. 17). For the reasons below, the Motion is denied.

## BACKGROUND

Plaintiff E.D. is a child who has a disability that qualifies for special education and related services under the Individuals with Disabilities Education Act ("IDEA"). (Doc. 1 at 2). On December 4, 2023, Plaintiff filed a Petition for Due Process under IDEA with the Arizona Department of Education. (*Id.* at 4). During March 11-14 and April 2-3, 2024, Administrative Law Judge Velva Moses-Thompson ("ALJ") conducted a hearing on this matter. (*Id.* at 15). Plaintiff raised the following issues for the hearing:

> (1) Whether the Mesa Unified School District ("District") denied parental participation resulting in a substantive denial of a free and appropriate education ("FAPE") at an Individualized Educational Program ("IEP") meeting on November 14, 2023;
> (2) Whether the IEP, dated November 14, 2023, will provide FAPE to Plaintiff in the least restrictive environment;

(3) Whether the District removed Plaintiff from a general education setting in excess of the amount of time identified by the IEP or otherwise did not implement the IEP as it was written – denying FAPE to Plaintiff; and

(4) Whether the District discriminated against Plaintiff by denying Plaintiff equal access to the District's general education programs.

(*Id.* at 16). As one of the requested remedies, Plaintiff sought reimbursement of any expenses associated with any unilateral placement that Plaintiff's parents may make for Plaintiff's education. (*Id.* at 18).

The ALJ issued a decision on June 5, 2024, concluding that the "evidentiary record demonstrates that the District committed procedural violations of the IDEA that significantly impeded [Plaintiff's parents'] opportunity to participate in the decision-making process, and thereby denied Student a FAPE." (Doc. 1 at 69). Additionally, the ALJ found that the "evidentiary record further demonstrates that the November 14, 2023 IEP fails to provide a FAPE to [Plaintiff]." (*Id.*). The ALJ dismissed the discrimination claim for lack of jurisdiction. (*Id.*).

The ALJ, however, denied Plaintiff's request for reimbursement of expenses associated with Plaintiff's parents' unilateral private placement of Plaintiff at Tempe Montessori because there "is insufficient evidence to conclude that the unilateral placement at Tempe Montessori was appropriate." (*Id.* at 70). In particular, the ALJ found that Plaintiff "did not submit any evidence of the type of curriculum followed by the school and whether the curriculum was allowing [Plaintiff] to make progress or would be effective to allow [Plaintiff] to make progress." (*Id.* at 69).

On July 8, 2024, Plaintiff filed a Complaint (Doc. 1), appealing the ALJ's decision to this Court. Plaintiff also filed a Motion for Leave to Submit Additional Evidence (Doc. 17) on October 22, 2024.

## LEGAL STANDARD

In reviewing an administrative decision, "the court shall receive the records of the administrative proceedings; shall hear additional evidence at the request of a party; and,

1   basing its decision on the preponderance of the evidence, shall grant such relief as the court

2   determines is appropriate."   20 U.S.C. § 1415(i)(2)(C).   "The court has discretion to

3   determine the additional evidence properly considered."  *D.M. v. Seattle Sch. Dist.*, 170 F.

4   Supp. 3d 1328, 1332 (W.D. Wash. 2016).   In exercising its discretion, the court must

5   evaluate whether the proposed evidence is "relevant, non-cumulative, and otherwise

6   admissible." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. Of Admin. Hearings*,

7   652 F.3d 999, 1006 (9th Cir. 2011).  The Ninth Circuit construes the term "additional" to

8   mean "supplemental." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir.

9   1993).   "The reasons for supplementation will vary; they might include gaps in the

10  administrative transcript owing to mechanical failure, unavailability of a witness, an

11  improper exclusion of evidence by the administrative agency, and evidence concerning

12  relevant events occurring subsequent to the administrative hearing." *Id.* at 1473.

13      "The court, however, should not admit evidence which merely repeats or

14  embellishes evidence or testimony presented during the administrative proceeding."

15  *Carlson v. San Diego Unified Sch. Dist.*, No. 08CV0987, 2009 WL 10700574, at *2 (S.D.

16  Cal. Mar. 24, 2009) (citing *id.*).  The Ninth Circuit has stated that "a court should weigh

17  heavily the important concerns of not allowing a party to undercut the statutory role of

18  administrative expertise, the unfairness involved in one party's reserving its best evidence

19  for trial, the reason the witness did not testify at the administrative hearing, and the

20  conservation of judicial resources." *Ojaj Unified Sch. Dist.*, 4 F.3d at 1472-73.

21                                    **DISCUSSION**

22      Plaintiff requests that this Court admit two additional pieces of evidence: (1) emails

23  between Plaintiff's counsel, Amy Langerman, and the Director of Dispute Resolution for

24  the Arizona Department of Education, Jeffrey Studer, concerning the lateness of the ALJ's

25  decision and (2) a declaration from a special education teacher, Sherry Mulholland, who

26  testified at the administrative hearing and supports Plaintiff in her educational placement

27  at Tempe Montessori.  (Doc. 17 at 2).

28

## I.    Emails between Amy Langerman and Jeffrey Studer

Plaintiff seeks to admit an email chain between Amy Langerman and Jeffrey Studer "concerning the fact that the [d]ecision in this matter was significantly late, well beyond the statutory date when it was required to be filed." (*Id.* at 2). In an email dated May 29, 2024, Langerman inquired about the ALJ's decision, which at that time was "a month overdue." (*Id.* at 13). Struder responded in an email on May 30, 2024, stating that "the ALJ will have the decision issued by the weeks end." (*Id.*). That same day, Langerman sent another email, indicating that she would follow up with Studer "if there is no decision by tomorrow." (*Id.*). On June 3, 2024, Langerman followed up with Struder in an email, stating that "[n]o decision was filed." (*Id.* at 15).

These emails are not relevant to this matter because they do not tend to prove or disprove a material fact at issue. Plaintiff herself acknowledges that the "evidence sought to be admitted here does not relate to the merits of the underlying appeal." (Doc. 17 at 4). Plaintiff instead argues that these emails between Langerman and Studer "support the conclusion that the ALJ rushed her decision without ensuring that she answered all [of] the issues or considered all of the evidence." (*Id.* at 5). Plaintiff contends that these emails "may have relevance on the level of deference that this [C]ourt might give to the ALJ's decision" (*Id.* at 4) because the ALJ's factual determinations are entitled to deference only "if they were careful and thorough." (Doc. 19 at 2). Even if the Court were to accept Plaintiff's contention that the level of deference from this Court depends on the thoroughness of the ALJ's decision, the emails that Plaintiff seeks to admit do not prove whether the ALJ's decision was sufficiently "thorough, careful, and impartial." (*See* Doc. 17 at 4). The emails address only the fact that the ALJ's decision was not filed before June 3, 2024, which is evidenced in the record already by the date of the ALJ's decision – June 5, 2024. (Doc. 1 at 71). Accordingly, the Court denies Plaintiff's Motion regarding the emails between Langerman and Studer.

## II.    Declaration from Sherry Mulholland

Plaintiff next seeks to admit a declaration from Sherry Mulholland, a special

education teacher who testified at the administrative hearing in this matter and supports Plaintiff in her current educational placement at Tempe Montessori.  (Doc. 17 at 6).  Mulholland's declaration includes observations of Plaintiff at Mesa Public Schools on November 14, 2023 and at Tempe Montessori on September 16, 2024 (*Id.* at 17-24, 27-28), along with a discussion of the educational environment and curriculum at Tempe Montessori (*Id.* at 24-26).

Mulholland testified at the administrative hearing in her capacity as a special education teacher who supports children, including Plaintiff, with disabilities in educational programs.  (*Id.* at 8).  At the hearing, Mulholland stated that she believes Plaintiff "has made phenomenal gains" at Tempe Montessori.  (Hr'g Tr. Vol. II at 130).  But later in the hearing, Mulholland stated, "I would only be making a guess that she had made phenomenal gains, but it's just a guess. I don't know." (*Id.* at 169).  In response to the question whether Plaintiff would "be capable of making progress" if she "were to return to a public school district like Mesa Public Schools," Mulholland responded, "I do believe that she would." (*Id.* at 166-67).  Further, Mulholland stated that Tempe Montessori uses the "Montessori-based curriculum." (*Id.* at 197).  But when an attorney asked, "So do I assume from then just your Zoom interaction with the tutoring, that you didn't have the chance to review any curriculum that the tutor was providing? Is that correct?" Mulholland responded, "That's correct, just what I saw at play." (*Id.* at 192).  Mulholland also stated that Plaintiff's parents should supplement the program at Tempe Montessori with special education support at home.  (*Id.* at 166).

In seeking to admit additional testimony from Mulholland, Plaintiff contends that the ALJ "failed to include ANY of the evidence presented by [Mulholland] concerning what [Plaintiff] was doing in her unilateral placement, how she was participating, or the progress that she had made." (Doc. 17 at 8).  But the ALJ did recognize Mulholland's testimony in her decision. (*See* Doc. 1 at 45, 69).  And in light of Mulholland's testimony at the hearing, the ALJ reasonably determined, "There is insufficient evidence to conclude that the unilateral placement at Tempe Montessori was appropriate." (*Id.* at 70).

The Ninth Circuit has established a rebuttable presumption against admitting additional testimony from witnesses who already testified at the administrative hearing. *Ojai Unified Sch. Dist.*, 4 F.3d at 1473 ("A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial."). This is not a case involving "gaps in the administrative transcript owing to mechanical failure" or "unavailability of a witness" or an "improper exclusion of evidence by the administrative agency." *See id.* (describing appropriate reasons for supplementation of evidence in an IDEA case). Rather, this is a case where Plaintiff seeks to "repeat or embellish" the "prior administrative hearing testimony" of a witness, which is not permitted. *Carlson*, 2009 WL 10700574, at *2 (citing *Ojai Unified Sch. Dist.*, 4 F.3d at 1473) (holding that the court "should not admit evidence which merely repeats or embellishes evidence or testimony presented during the administrative proceeding"). In particular, the observations of Plaintiff's ability at "Mesa Public School" on November 14, 2023 (Doc. 17 at 18-24), and the discussion of the educational environment and curriculum at Tempe Montessori (Doc. 17 at 24-26) in Mulholland's declaration constitute repetition and embellishment of Mulholland's prior administrative hearing testimony.

To the extent Mulholland's declaration includes an assessment of Plaintiff at Tempe Montessori that occurred after the administrative hearing, the assessment is neither comprehensible nor probative of whether Tempe Montessori is an appropriate unilateral placement. The "district court has discretion to admit additional evidence 'concerning relevant events occurring subsequent to the administrative hearing." *Ojai Unified Sch. Dist.*, 4 F.3d at 1473 (quoting *Town of Burlington v. Dep. of Educ. for Com. of Mass.*, 736 F.2d 773, 790-91 (1st Cir. 1984)). The proper standard "for admission of after-acquired evidence" is "whether the [evidence] was relevant, non-cumulative, and otherwise admissible." *E.M. ex rel. E.M.*, 652 F.3d at 1006. In the declaration, Mulholland's "observations" of Plaintiff at Tempe Montessori on September 16, 2024 comprise a bulleted list of words and phrases such as "penguin" (Doc. 17 at 18), "[i]ndependently completed journal copying from whiteboard" (*Id.* at 20), "[c]lass singing This Land is Your

Land – [s]tudent sang some of the words" (*Id.* at 19).  The declaration also includes a description of Plaintiff's school day, noting that Plaintiff took "a 10 minute break," she "stopped writing to go to speech," or that she "did speak to her teachers."  (*Id.* at 27-28). Besides a conclusory statement that "Tempe Montessori is an appropriate placement for [s]tudent" (*Id.* at 28), the declaration does not present evidence that tends to prove or disprove whether Tempe Montessori is an appropriate unilateral placement for Plaintiff's education.

With no reason to overcome the presumption that an administrative hearing witness is "foreclosed from testifying at trial," *Ojai Unified Sch. Dist.*, 4 F.3d at 1473, the Court denies Plaintiff's Motion regarding Mulholland's declaration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Submit Additional Evidence (Doc. 17) is **DENIED**.\

Dated this 13th day of December, 2024.

G. Murray Snow
Senior United States District Judge